# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-30231
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ABDEL RAHIM MUHAMMAD,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-371-1

Before STEWART, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Abdel Rahim Muhammad was convicted following a jury trial of armed bank robbery, using and carrying a firearm during and in relation to a crime of violence, and conspiracy to commit money laundering. He was sentenced to a total of 162 months in prison, five years of supervised release, and restitution in the amount of $6,342.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30231

Muhammad argues that the trial evidence was insufficient to sustain his conviction for conspiracy to commit money laundering. He contends that the evidence did not establish that he committed the substantive offense of money laundering by any of the methods noted in 18 U.S.C. § 1956(a), including, inter alia, with the intent to promote the carrying on of the armed bank robbery. He did not move for a judgment of acquittal in the district court and, therefore, we review for plain error. *See United States v. Delgado*, 672 F.3d 320, 331-32 & n.9 (5th Cir. 2012) (en banc).

Muhammad's assertion that the evidence is insufficient to show that he committed an offense under § 1956(a) is inapposite. He was not convicted of violating § 1956(a); instead, he was convicted of conspiracy to commit money laundering under § 1956(h). "It is settled law that conspiring to commit an offense is wholly separate from the crime that is the object of the conspiracy"; thus, "a conspiracy charge need not include the elements of the substantive offense the defendant may have conspired to commit." *United States v. Threadgill*, 172 F.3d 357, 367 (5th Cir. 1999). Therefore, the Government did not have to prove the substantive offense of money laundering under § 1956(a) to sustain Muhammad's conviction for conspiracy to commit money laundering in violation of § 1956(h). Muhammad has not otherwise identified deficiencies in the Government's case regarding his conviction under § 1956(h).

AFFIRMED.